IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHEKAYLAN CALDWELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1772-E-BN |
| | § | |
| DAPHANIE CALDWELL-ATKINS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Shekaylan Caldwell, the alleged parent of two children, filed a *pro se* civil complaint against Defendant Daphanie Caldwell-Atkins, alleged to be the grandmother of the children, through which Caldwell appears to seek the enforcement of a state court order in a suit affecting parent-child relationship ("SAPCR"), awarding sole managing conservatorship of the children to Caldwell.

United States District Judge Ada Brown referred the complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After reviewing the construed complaint, the undersigned questions whether there is subject matter jurisdiction and, given the circumstances of this case, enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action for lack of subject matter jurisdiction.

These findings and conclusions provide Caldwell notice as to this suit's deficiencies. And the ability to file objections to the undersigned's recommendation

that this case be dismissed for lack of jurisdiction (as further explained below) offers Caldwell an opportunity to establish (if possible) (1) that the Court does have subject matter jurisdiction and, if jurisdiction does exist, (2) that this lawsuit should proceed in a federal forum.

## Discussion

"Jurisdiction is the power to say what the law is." *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023). So consideration of "[j]urisdiction is always first." *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) (citation omitted).

Because "'[f]ederal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute,'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)), "subject-matter delineations must be policed by the courts on their own initiative even at the highest level," *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (citations omitted).

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

Federal question jurisdiction under Section 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)); *see also*

*In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995))).

The "'creation' test … accounts for the vast bulk of suits under federal law." *Gunn*, 568 U.S. at 257 (citation omitted). But

> "a federal court [is also] able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." That is to say, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."

*Perez v. Se. SNF, L.L.C.*, No. 21-50399, 2022 WL 987187, at *3 (5th Cir. Mar. 31, 2022) (per curiam) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005), then *Gunn*, 568 U.S. at 258).

And, in cases invoking jurisdiction under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). This amount "is determined by the amount of damages or the value of the property that is the subject of the action." *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012) (per curiam) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

Here, of the facts alleged, none show – or raise a reasonable inference – that a federal statute was violated or that resolution of a claim asserted through the construed complaint turns on "a substantial question of federal law." *Borden*, 589

F.3d at 172.

Thus, Caldwell has not alleged federal question jurisdiction under Section 1331.

Nor has Caldwell alleged the citizenships of the parties (such that the Court could determine that complete diversity exists) or pled an amount in controversy above the jurisdictional minimum.

But, even if there is diversity jurisdiction under Section 1332, this lawsuit appears to implicate the narrow domestic relations exception to such jurisdiction. *See, e.g.*, *Escalante v. Lidge*, 34 F.4th 486, 490-91 (5th Cir. 2022) (discussing "[t]he clearest modern elaboration of the exception," as set out in *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992) ("[T]he domestic relations exception encompasses only cases involving the issuance of a divorce, alimony, or child custody decree.")).

In sum, this lawsuit should be dismissed for lack of subject matter jurisdiction.

And, even if the Court does somehow possess jurisdiction over Caldwell's case,

> [f]ederal courts have traditionally refused to exercise diversity jurisdiction in a variety of domestic relations cases, including … child custody actions; disputes over visitation rights; [and] suits to establish paternity and to obtain child support…. The reasons for federal abstention in these cases are apparent: the strong state interest in domestic relations matters, the competence of state courts in settling family disputes, the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts.

*Crouch v. Crouch*, 566 F.2d 486, 487 (5th Cir. 1978) (citations omitted); *see also DuBroff v. DuBroff*, 833 F.2d 557, 561 (5th 1987) ("In *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), the [United States] Supreme Court established the principle that some cases properly brought in federal courts should nevertheless be dismissed to the state

courts for resolution because of a concern for comity between sovereigns."); *Begum v. Miner*, 213 F.3d 639 (table), 2000 WL 554953, at *3 (5th Cir. Apr. 20, 2000) ("*Ankenbrandt* recognized that even though the suit did not fall within the domestic relations exception, suits 'involving elements of the domestic relationship' might be subject to *Burford* abstention when they present 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar.'" (citation omitted)).

And, if Caldwell filed this lawsuit to request that a federal court direct the state SAPCR court to enforce its own orders, "the authority of [federal] district courts to issue a writ of mandamus pursuant to [28 U.S.C.] § 1361 only extends to federal officers, employees, or agencies." *Cowell v. Shames & Bynum, P.C.*, No. 1:17cv1207 (CMH/TCB), 2017 WL 8786970, at *1 (E.D. Va. Dec. 5, 2017) (citations omitted). So "[f]ederal courts lack the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties." *Moore v. 204th Dist. Ct.*, No. 3:08-cv-2281-D, 2009 WL 3150983, at *3 (N.D. Tex. Sept. 29, 2009) (citing *Moye v. Clerk, Dekalb Cnty. Sup. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973)).

## Recommendation

The Court should dismiss this lawsuit for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 22, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE